**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SHAUNDELLE DIAL** | **CRIMINAL ACTION NO. 25-207** |
| **VERSUS** | **JUDGE EDWARDS** |
| **UNITED STATES OF AMERICA** | **MAG JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Dismiss Indictment (R. Doc. 87) filed by Defendant, Shaundelle Dial ("Defendant") who is pro se. The Government has opposed the Motion (R. Doc. 89). For the reasons set forth below, the Motion is **DENIED**.

### I. BACKGROUND

On August 6th, 2026, Defendant was indicted by a Federal Grand Jury on one count of Obscenity in violation of La. Stat. Ann. § 14:106(A). *See* R. Doc. 1. The Indictment alleges that Defendant "did intentionally expose his genitals in any prison, or jail, in a patently offensive manner." *See id*. Defendant challenges his Indictment on the grounds it "does not meet the criteria" of the Obscenity statute, the application of the Assimilative Crimes Act is inappropriate, and that this is a selective and vindictive prosecution. *See* R. Doc. 87.

### II. LAW AND ANALYSIS

#### a. Statutory "Criteria"

Rule 12 of the Federal Rules of Criminal Procedure "governs pre-trial motions in criminal case." *U.S. v. Burger*, 170 F.4th 395, 403 (5th Cir. 2026). "A party may

raise any defense, objection, or request that the court can determine without a trial on the merits[,]" which include both "defect[s] in instituting the prosecution" and "defects in the indictment" such as a "failure to state an offense." Fed. R. Crim P. 12(b). Defendant's argument that the "Indictment and evidence do not meet [the] criteria" appears to be an argument that the Indictment has failed to state an offense. *See U.S. v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (treating the issue of "whether an indictment alleges the elements of an offense" as a motion to dismiss an indictment for failure to state an offense). Furthermore, "a court may not grant a motion to dismiss 'on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.'" *Burger,* 170 F.4th at 403. (citing *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)). Therefore, the Court will not consider the adequacy of the evidence at this stage.

"[A]n indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *Id.* (citing *U.S. v. Bearden*, 423 F.2d 805, 810 (5th Cir. 1970)). An indictment is sufficient when it "contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Kay*, 359 F.3d at 742 (cleaned up).

Here, Defendant claims that the "Indictment and evidence do not meet [the] criteria" of two different provisions of Louisiana's Obscenity statute. The Government

argues the Defendant has cited the incorrect subsections. *See* R. Doc. 89. at 1–2. First, Defendant seems to quote part of § 14:106(A)(2)(b) which defines "hard core sexual conduct[.]" Second, Defendant references § 14:106(A)(5) which criminalizes the intentional "[s]olicitation or enticement of an unmarried person under the age of seventeen years to commit any act prohibited by Paragraphs (1), (2), or (3) of this Subsection." However, the Government is correct that neither of these subsections are relevant to the charge against Defendant. The Indictment charges Defendant under § 14:106(A), and the Indictment's allegation that Defendant "did intentionally expose his genitals in any prison, or jail, in a patently offensive manner[,]" *see* R. Doc. 1, is specifically reflective of the language of § 14:106(A)(1) which criminalizes the intentional "*[e]xposure of the genitals*, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view, or *in any prison or jail*, with the intent of arousing sexual desire or which appeals to prurient interest or is *patently offensive*." (emphasis added). The Indictment's direct recitation of the elements of § 14:106(A)(1) provides sufficient clarity and certainty for the Defendant to be apprised of the crime for which he is charged.

**b. Assimilative Crimes Act**

Defendant also argues that the application of 18 U.S.C. § 7(3) and 13(a), the Assimilated Crimes Act (ACA), is "inappropriate." *See* R. Doc. 87. "The ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves." *Lewis v. U.S.*, 523 U.S. 155, 160 (1998). In applying the ACA, the Court must first determine whether "the defendant's 'act or omission [is]

made punishable by any act of Congress." *Id.* at 164 (quoting 18 U.S.C. § 13(a)). If the answer is "yes," the court must further inquire whether the federal statute would "preclude application of the state law in question." *Id.* If the answer is "no," the ACA would presumably assimilate the state statute. *See id.*

Here, Defendant argues that assimilation of the Louisiana Obscenity statute is inappropriate because there are "other federal charges [he] can be charged" with for his conduct. *See* R. Doc. 87 at 1. The Government argues that there is no existing applicable federal law that penalizes the conduct Defendant is alleged to have committed. *See* R. Doc. 89 at 2. Defendant specifically points to 36 C.F.R § 2.34 which is a regulation titled "Disorderly Conduct"; however, regulations in Title 36 of the C.F.R are limited to "federally owned lands and waters administered by the National Park Service[.]" 36 C.F.R § 1.2. Therefore, the regulation cited would not qualify as an act of Congress which punishes the defendant's conduct because his alleged conduct occurred at the United States Penitentiary at Pollock which is overseen by the Bureau of Prisons and Department of Justice. 28 C.F.R. § 0.95; *See* R. Doc. 1. Defendant has not indicated any existing applicable federal law penalizing the specific type of conduct Defendant is alleged to have committed. Therefore, no further inquiry into preclusion is required, and the ACA was applied appropriately.

**c. Selective and Vindictive Prosecution**

Defendant's final argument is that his Indictment is a selective and vindictive prosecution because he is "the only inmate at USP Pollock to be charged with obscenity" despite there being many other reports of similar conduct by other

inmates. *See* R. Doc. 87 at 2. Defendant has also requested a hearing on this defense. *See id*. A defense of selective prosecution requires the defendant to show (1) "he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted" and (2) "the government's selective prosecution of him has been constitutionally invidious." *U.S. v. Jennings*, 724 F.2d 436, 445 (5th Cir. 1984). An invidious prosecution is one that is "actuated by constitutionally impermissible motives … such as racial or religious discrimination. *Id*. The Fifth Circuit has characterized these showings as a "heavy burden." *United States v. Johnson,* 577 F.2d 1304, 1308 (5th Cir.1978). Furthermore, "[a] defendant is not automatically entitled … to an evidentiary hearing to make the required showing. He must first present facts "sufficient to create a reasonable doubt about the constitutionality of a prosecution[.]" *Jennings*, 724 F. 2d at 445 (quoting *United States v. Hayes,* 589 F.2d 811, 819 (5th Cir.), *cert. denied,* 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979)).

Here, the Government "admits that the Western District of Louisiana is prosecuting Dial although others similarly situated have not been prosecuted" but argues the prosecution is not constitutionally invidious because "traditional remedies have not deterred his behavior." R. Doc. 87 at 3–4. Defendant has only alleged that he has been singled out but fails to allege any motivation for him being singled out for prosecution. *See* R. Doc. 87 at 2. By failing to allege any motivation, Defendant has not shown a constitutionally invidious motive, nor has he presented any facts sufficient to create a reasonable doubt about the constitutionality of his prosecution.

Therefore, Defendant is not entitled to a hearing, and his Motion fails on the grounds of selective prosecution.

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion (R. Doc. 87) is **DENIED**.

**THUS DONE AND SIGNED** this 21st day of September, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**